# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1875 | **DATE** | 4/20/12 |
| **CASE TITLE** | Elbert Williams (#A-72120) vs. Daniel Erickson | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file *in forma pauperis* [#6] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $11.32 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. The Clerk is directed to issue summons for Defendant Erickson, and the United States Marshals Service is appointed to serve her. The Clerk shall send Plaintiff Instructions for Submitting Documents, along with a copy of this order.

■[ For further details see text below.]                                            Notices mailed by Judicial staff.

## STATEMENT

      Plaintiff, Elbert Williams, presently in state custody at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges deliberate indifference to a serious medical condition. More specifically, Plaintiff claims that he arrived at the prison from University of Illinois Hospital where he had surgery requiring him to wear a colostomy bag. When he arrived at the prison, he asked Defendant Nurse Erickson to prepare some extra bags for him, as his colostomy bag was full. The bags have to be cut to fit the colostomy. According to Plaintiff she stated that she did not have scissors and walked away. Plaintiff's colostomy bag burst approximately fifteen minutes later while he was being held in a bullpen. He complained to security staff who took him back to the health care unit. Plaintiff further alleges that Defendant Erickson returned the colostomy bags to Plaintiff uncut and left for the day. Plaintiff was then given cut colostomy bags by another nurse. Plaintiff alleges that due to Defendant Erickson's deliberate indifference, he spent four hours covered in his own feces and was not able to clean himself up until he got to his cell and washed himself in the sink. Defendant also sues Wexford Health Sources, Inc., the contract medical provider for the Illinois Department of Corrections, presumably in its supervisory capacity.

      Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $5.61. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

      Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds

## STATEMENT

that the complaint states a colorable cause of action under the Civil Rights Act as to Defendant Hardy for deliberate indifference to a serious medical need. *Davis v. Carter*, 453 F.3d 686, 696 (7th Cir. 2006). While a more fully developed record may belie the Plaintiff's allegations, Defendant Erickson must respond to the complaint.

However, Defendant Wexford Health Source, Inc. is dismissed as a Defendant. Wexford is not subject to liability simply because the company employs medical personnel at Stateville. The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). "A 'private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights.' " *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 (7th Cir. 2002), *quoting Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982). In analyzing a section 1983 claim against a private corporation, the court uses the same principles that would be applied in examining claims against a municipality. *Brown v. Ghosh*, No. 09 C 2542, 2010 WL 3893939, *8 (N.D. Ill. Sep. 28, 2010) (Feinerman, J.), citing *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). Therefore an inmate bringing a claim against a corporate entity for a violation of his constitutional rights must show that the corporation supports a "policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners." *Brown*, 2010 WL 3893939, at *8, quoting *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (in turn quoting *Estate of Novack ex rel. v. Cnty. of Wood*, 226 F.3d 525, 530 (7th Cir. 2000)) (a corporate defendant violates an inmate's rights "if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners"). Because liability is not premised upon the theory of vicarious liability, the corporate policy "must be the 'direct cause' or 'moving force' behind the constitutional violation." *Ibid.* As Plaintiff alleges a single incident of deliberate indifference, there can be no policy and consequently, Plaintiff fails to state a claim against Wexford.

The Clerk shall issue summons for service of the complaint on Defendant Erickson (hereinafter, "Defendant"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. If Defendant can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendant [or to defense counsel, once an attorney has entered an appearance on behalf of Defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.