**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ELBERT WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. 12 C 1875** |
| | ) | |
| **DANIELLE ERICKSON and** | ) | |
| **WEXFORD HEALTH SOURCES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Elbert Williams, a prisoner in the Illinois Department of Corrections, has

asserted claims under federal and state law against Danielle Erickson and Wexford

Health Sources, Inc. arising from his contention that he was repeatedly refused

assistance in changing his colostomy bag over a four hour period. Defendants have

moved to dismiss Williams' complaint for failure to state a claim. For the reasons stated

below, the Court denies defendants' motion except with respect to one of Williams' state

law claims, on which the Court defers ruling.

### Facts

The Court takes the following facts from the allegations in Williams' complaint.

Williams is an inmate at Stateville Correctional Center. He suffers from ulcerative colitis

and underwent a colostomy in February 2011. As a result of the colostomy, Williams'

fecal waste is passed into a colostomy bag. He is able to change his own colostomy

bag. New colostomy bags, however, come in sealed packages, and as an inmate,

Williams does not have access to the tools needed to open the packages. As a result, he is dependent on prison staff to provide him with new colostomy bags.

In March 2011, Williams underwent a post-surgical examination at a hospital in Chicago. Upon his return to Stateville, he was housed at the prison's health care unit, which is operated and staffed by Wexford. While Williams was at the health care unit, his colostomy bag overfilled, causing it to detach from his body. Williams alleges that he asked Erickson, a nurse at the facility, to open the seal on a new colostomy bag so that he could change the bag. He alleges that Erickson repeatedly refused his requests. As a result, Williams alleges, he was forced to spend four hours covered in feces before another staff member assisted him. Williams has sued to recover damages.

Williams, who is represented by court-appointed counsel, asserts six claims in his amended complaint. Counts 1 and 2 are claim under the Eighth Amendment to the Constitution, alleging deliberate indifference to serious medical needs and improper conditions of confinement. Count 3 is a state law "healing art malpractice" claim. Counts 4 and 5 allege, respectively, intentional infliction of emotional distress and negligent infliction of emotional distress. Count 6 is a claim of "institutional negligence" against Wexford.

### Discussion

Defendants have moved to dismiss all six claims pursuant to Federal Rule of Civil Procedure 12(b)(6). When considering a motion to dismiss under that Rule, the Court accepts the facts alleged in the complaint as true and "draws all possible inferences in [the plaintiff's] favor." *Heyde v. Pettinger*, 633 F.3d 512, 517 (7th Cir.

2011).   To survive the motion, the complaint must include enough facts to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

## 1.    Count 1 – Eighth Amendment deliberate indifference claim

A prison official violates the Eighth Amendment's bar against cruel and unusual punishment if she displays "deliberate indifference to serious medical needs of prisoners."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A claim of deliberate indifference has both an objective and a subjective component.  The objective component – which is the one that defendants focus upon in their motion – requires the plaintiff to show that his medical need was objectively serious.  *See, e.g., Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (citing *Farmer v. Brennan*, 511 U.S.  825, 834 (1994)).  A medical need is considered objectively serious if it has been diagnosed by a physician as requiring treatment or if it is "so obvious that even a lay person would recognize the necessity for a doctor's attention."  *Id.*

Williams' allegations regarding his colostomy and his resulting need for medical equipment are sufficient to satisfy either or both of these criteria.  First, it is a reasonable inference from Williams' complaint that a physician prescribed the use of colostomy bags to capture the fecal waste discharged through the surgical opening that was created as a result of his colostomy.  Second, a reasonable fact finder easily could find it obvious to any lay person that when a colostomy bag is full, it needs to be replaced, and if it has become detached, this needs to be remedied.  Indeed, it would

be difficult to state the contrary proposition with a straight face. *See Ferebee v. Cejas*, 161 F.3d 2 (4th Cir. 1998) (unpublished); *cf. Wellman v. Faulkner*, 715 F. 2d 269, 274 (7th Cir. 1983) (describing lack of sufficient colostomy bags as an aspect of plaintiffs' proof of deliberate indifference to prisoners' serious medical needs). The absence of physical pain may be a factor, but it is not dispositive; indeed, pain is not one of the requirements for proving a serious medical need. *See, e.g.,* Seventh Cir. Civil Jury Instr. 7.12 & 7.13 (2009).

### 2. Count 2 – conditions of confinement claim

The Eighth Amendment is violated if officials are "deliberately indifferent to conditions that deny the minimal civilized measures of life necessities." *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013). This includes adequate sanitation and hygiene. *Id.*

Defendants argues that Williams' allegations amount only to "mere discomfort or inconvenience" and that "'[i]nmates cannot expect the amenities, conveniences and services of a good hotel.'" Defs.' Mot. at 3 (quoting *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). That is a far cry from what Williams has alleged. He contends that he required to sit in fecal waste for four hours while medical personnel who had the means of remedying the problem deliberately ignored him. That is anything but a claim seeking the "services of a good hotel." *See, e.g., Garrett v. Schwatz*, No. 10-cv-955-GPM, 2011 WL 3207135, at *3-4 (S.D. Ill. July 27, 2011) (collecting cases). A reasonable inference may likewise be drawn that being exposed to fecal waste for that period of time may represent a health hazard.

Defendants also argue that because Williams concedes that Erickson told him that the health care unit did not have scissors, that demonstrates the absence of

deliberate indifference. Williams does not, however, concede the truth of Erickson's statement. And even if the statement was true as far as it went, the Court cannot say at this stage of the proceedings that no other reasonable alternative was available – such as using some other tool or going somewhere else to obtain scissors. Defendants are not entitled to dismissal of Count 2.

**3.    Count 3 – healing art malpractice claim**

A provision of the Illinois Code of Civil Procedure requires that in any action for damages "by reason of medical, hospital, or other healing art malpractice," the plaintiff must file with his complaint an affidavit stating that the affiant has reviewed the facts with a knowledgeable and qualified "health professional" who practices in the particular field and that the health professional has determined in a written report "that there is a reasonable and meritorious cause" for the filing of the lawsuit. A copy of the written report must also be included. *See* 735 ILCS 5/2-622(a). Williams provided no such affidavit or report with his amended complaint. Defendants move to dismiss Count 3 on this basis.

Under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), and its progeny, when state law supplies the rule of decision for a case in federal court, the federal court applies state substantive law but federal procedural law. *See, e.g., Gacek v. Am. Airlines, Inc.*, 614 F.3d 298, 301 (7th Cir. 2010). Williams argues, among other things, that section 2-622(a)'s requirements are procedural, not substantive, and thus do not apply.

The Court is unaware of any Seventh Circuit decision that decides this issue,[1]

---

[1] *Sherrod v. Lingle*, 223 F.3d 605 (7th Cir. 2000), cited by defendants, did not address the *Erie* issue but rather implicitly assumed that section 2-622 applies in federal court while concluding that the district court in that case had erred in dismissing a non-compliance malpractice claim with prejudice rather than without prejudice. *See id.* at 613-14.

and other courts have divided on the point. The Court believes that this issue requires more extended review and treatment. It therefore defers ruling on this particular issue for the time being and will address it in due course. The Court notes that because of the near-complete overlap between this claim and the others Williams has asserted, deferral of ruling will not significantly affect discovery, at least in its early stages.

**4.      Count 4 – intentional infliction of emotional distress**

To state a claim for intentional infliction of emotional distress under Illinois law, the plaintiff must allege that the defendant's conduct was extreme and outrageous, the defendant knew it was highly probable that her conduct would cause the plaintiff severe emotional distress, and the conduct did in fact cause the plaintiff severe emotional distress. *See, e.g., Fox v. Hayes*, 600 F. 3d 819, 842 (7th Cir. 2010). Defendants argue that the first element is lacking in this case because only a single incident was involved. Williams alleges, however, that Erickson refused him aid at least four times. Am. Compl. ¶ 24. And although repetition may be a significant factor in determining whether conduct was extreme and outrageous, the Court is unaware of any case saying that repetition is required in order to state a claim. *Cf. Pavlik v. Kornhaber*, 761 N.E.2d 175, 187, 326 N.E.2d 731, 746 (2001) ("It may be the pattern, course and accumulation of acts that make the conduct sufficiently extreme to be actionable, whereas one instance of such behavior *might not be*." (emphasis added). At this stage of the proceedings, the Court cannot say that it is implausible that deliberate conduct causing Williams to sit in fecal waste for four hours is sufficiently extreme or outrageous to be actionable.

The Court also rejects defendants' argument that Williams has alleged only embarrassment, which is not actionable. Williams has specifically alleged that the

condition was such that no reasonable person should be expected to endure it, which is all the law requires. *See* Am. Compl. ¶ 45. The difference between actionable and non-actionable conduct in this area can often be a matter of degree. Until there is further factual development, the Court cannot say that Williams' allegations are legally insufficient to state a claim.

**5.** **Count 5 – negligent infliction of emotional distress**

Defendants' primary argument in favor of dismissal of Williams' claim for negligent infliction of emotional distress is that he cannot satisfy the so-called "zone of danger" rule. This rule applies, however, only in cases involving claims by bystanders. The Illinois Supreme Court has expressly held that it does not apply to direct victims, which is what Williams alleges he was. *Corgan v. Muehling*, 143 Ill. 2d 296, 304, 5674 N.E.2d 602, 606 (1991).

The Court also rejects defendant's contention that Count 5 should be dismissed because it duplicates other claims. It quite plainly does not; it alleges a different level of fault from Count 4.

**6.** **Count 6 – "institutional negligence"**

The Court agrees with Williams that Count 6, his "institutional negligence" claim, states a viable claim. Illinois law recognizes an administrative and managerial duty on the part of a hospital to review and supervise the treatment of its patients. *Advincula v. United Blood Servs.,* 176 Ill. 2d 1, 15, 678 N.E. 2d 1009, 1023 (1996). Williams alleges that Wexford did an unreasonable job of selecting, staffing and supervising its employees. *See* Am. Compl. ¶¶ 57-66. This is sufficient to state a claim under Illinois law. The Court disagrees with defendants' argument that Williams is attempting to

replead a dismissed section 1983 claim against Wexford here; Count 6 quite plainly asserts a claim under state law.

### Conclusion

For the reasons stated above, the Court denies defendants' motion to dismiss with respect to Counts 1, 2, 4, 5, and 6, and defers ruling with respect to Count 3. Defendants are directed to answer all claims other than Count 3 by no later than September 11, 2013.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  August 21, 2013