IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELBERT WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DANIELLE ERICKSON and )<br>WEXFORD HEALTH SOURCES, INC., )<br>)<br>Defendants. ) | Case No. 12 C 1876 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Elbert Williams, a prisoner in the Illinois Department of Corrections, has asserted claims under federal and state law against Danielle Erickson and Wexford Health Sources, Inc. arising from his contention that he was repeatedly refused assistance in changing his colostomy bag over a four hour period. Defendants moved to dismiss Williams' amended complaint for failure to state a claim. The Court previously denied the motion as to all but one of Williams' claims. *See Williams v. Erickson*, No. 12 C 1875, 2013 WL 4478684 (N.D. Ill. Aug. 21, 2013). In this decision, the Court deals with the remaining claim, Count 3, which involves an allegation of "healing art malpractice" under Illinois law.

### Discussion

A provision of the Illinois Code of Civil Procedure requires that in any action for damages "by reason of medical, hospital, or other healing art malpractice," the plaintiff

must file with his complaint an affidavit stating that the affiant has reviewed the facts with a knowledgeable and qualified "health professional" who practices in the particular field and that the health professional has determined in a written report "that there is a reasonable and meritorious cause" for the filing of the lawsuit. A copy of the written report must also be included. *See* 735 ILCS 5/2-622(a). Williams provided no such affidavit or report with his amended complaint. Defendants seek dismissal of Count 3 on this basis.

Under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), and its progeny, when state law supplies the rule of decision for a case in federal court, the federal court applies state "substantive" law but federal "procedural" law. *See, e.g., Gacek v. Am. Airlines, Inc.*, 614 F.3d 298, 301 (7th Cir. 2010). "A substantive law is one motivated by a desire to influence conduct outside the litigation process, such as a desire to deter accidents, while a procedural law is one motivated by a desire to reduce the cost or increase the accuracy of the litigation process, regardless of the substantive basis of the particular litigation." *Id.* at 302. Williams argues, among other things, that section 2-622(a)'s requirements are procedural, not substantive, and thus do not apply because he filed suit in federal court.

There is no Seventh Circuit case that directly addresses section 2-622(a)'s applicability in federal court. Each side discusses the import of *Sherrod v. Lingle*, 223 F.3d 605 (7th Cir. 2000), but the Court agrees with Williams that *Sherrod* does not address whether the Illinois statute applies in federal court. Rather, the court assumed that the statute applied and addressed only whether it was appropriate for the district

court to dismiss the plaintiff's claim with prejudice rather than allowing the plaintiff to cure the omission of the required certificate. The Court concluded that the district court abused its discretion in denying leave to amend. *Id.* at 614. In short, *Sherrod* cannot be read as holding that section 2-622(a) applies in federal court. The Court therefore respectfully disagrees with those district judges that have determined that *Sherrod* controls the issue at hand.

Despite this, the Court does not write on a clean slate. Another Seventh Circuit case, not found by either party, provides a clearer guide to the appropriate rule. In *Hines v. Elkhart Gen. Hosp.*, 603 F.2d 646 (7th Cir. 1979), the court considered an Indiana statute that required submission of a medical malpractice claim to a medical review panel for its opinion prior to filing suit in court. The statute did not give the medical review panel a final or dispositive say on medical malpractice claims but rather, like the Illinois statute under consideration here, simply required the plaintiff to satisfy this prerequisite before filing suit in court. After thorough analysis, the Seventh Circuit concluded that, under *Erie* and its progeny, the Indiana statute applied to cases filed in federal court. *See id.* at 647-49. The Seventh Circuit reaffirmed the ongoing vitality of *Hines* in *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 60 F.3d 305, 310 (7th Cir. 1995).

Williams points out that in 2004, the Illinois Supreme Court made it clear that section 2-622(a) imposes "a pleading requirement," and "do[es] not rise to the level of [a] substantive element[ ] of a claim for medical malpractice." *Sullivan v. Edward Hosp.*, 209 Ill. 2d 100, 117, 806 N.E.2d 645, 656 (2004). The Court acknowledges this point, but a state's characterization of one of its rules as procedural does not control a federal

court's disposition of the *Erie* issue. As the Seventh Circuit noted in *S.A. Healy*, "where the state procedural rule, though undeniably 'procedural' in the ordinary sense of the term, is limited to a particular substantive area, such as contract law or tort law," it still poses a "pretty easy case[ ]" under *Erie* and its progeny, "[f]or then the state's intention to influence substantive outcomes is manifest and would be defeated by allowing parties to shift their litigation into federal court unless the state's rule was applied there as well." *S.A. Healy*, 60 F.3d at 310. As an example of one of these "pretty easy cases," the court cited *Hines*. See id. In *Gacek*, decided in 2010, the Seventh Circuit repeated and reaffirmed this general rule. *Gacek*, 614 F.3d at 302 (citing *S.A. Healy* "and cases cited there").

In sum, though *Hines* does not directly address the Illinois statute at issue in this case, it clearly indicates the Seventh Circuit's view regarding a very similar state rule applicable to medical malpractice cases. Following *Hines*, the Court concludes that section 2-622(a) does in fact apply to the present case. The Court therefore dismisses Count 3 of Williams' amended complaint and gives him 30 days, until November 8, 2013, to file an amended complaint that meets section 2-622(a)'s requirements. If Williams does not do so, the Court will dismiss his healing art malpractice claim with prejudice.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: October 8, 2013